IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Wayne Nohopono Sam, )<br>           )<br>       Plaintiff,       )<br>           )<br>vs.           )<br>           )<br>State of Hawaii Department of )<br>Public Safety,           )<br>           )<br>       Defendant.       )<br>_____ ) | CIVIL NO. 20-00164 SOM-RT<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

On April 15, 2020, Plaintiff Wayne Nohopono Sam, proceeding *pro se*, filed an employment discrimination Complaint in this matter along with an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application").  *See* ECF Nos. 1 & 2.

To proceed *in forma pauperis*, Sam must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims.  28 U.S.C. § 1915(a).  According to the 2020 poverty guidelines effective January 15, 2020, for a single person living in Hawaii, a person is below the poverty threshold when that person makes less than $14,680 per year.  *See* https://aspe.hhs.gov/poverty-guidelines (last visited April 16, 2020).

Sam indicates that he receives $480 every two weeks ($12,480 per year) from his part-time job. Sam also receives Social Security disability payments of $1,520.25 every month ($18,243 per year). That means that Sam receives over $30,000 per year to live on. This amount far exceeds the poverty guideline of $14,680 per year for a single person living in Hawaii. Sam therefore fails to establish that he is a pauper entitled to *in forma pauperis* status. Accordingly, Sam's IFP Application is denied. Sam must pay the applicable filing fee no later than May 7, 2020. Failure to timely pay the applicable filing fee will result in the automatic dismissal of this action.

Sam may want to consider the viability of his Complaint before paying the applicable filing fee. It may well be that the Department of Public Safety has Eleventh Amendment immunity from money damage claims that Sam chooses to pursue in federal court. *See Blaisdell v. Haw. Dep't of Pub. Safety*, 2012 WL 5880685, at *3 (D. Haw. Nov. 21, 2012) (dismissing § 1983 claim), *vacated in part on other grounds*, 621 Fed. Appx. 414 (9th Cir. 2015) ("The district court properly dismissed Blaisdell's action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *accord Kaimi v. Haw., Dep't of Pub. Safety*, 2013 WL 5597053, at *3 (D. Haw. Oct. 11,

2013) (ruling that DPS has Eleventh Amendment immunity with respect to § 1983 claims).

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, April 16, 2020.



   /s/ Susan Oki Mollway

   Susan Oki Mollway
   United States District Judge

*Sam v. State of Hawaii Dep't of Public Safety*, Civ. No. 20-00164 SOM-RT; ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS