IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAYNE NOHOPONO SAM, ) | CIVIL NO. 20-00164 SOM-RT |
| ) | |
| Plaintiff, ) | **ORDER GRANTING JUDGMENT ON** |
| ) | **THE PLEADINGS** |
| vs. ) | |
| ) | |
| STATE OF HAWAII DEPARTMENT OF ) | |
| PUBLIC SAFETY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING JUDGMENT ON THE PLEADINGS**

**I.     INTRODUCTION.**

On April 15, 2020, Plaintiff Wayne Nohopono Sam, proceeding *pro se*, filed an employment discrimination Complaint against the State of Hawaii Department of Public Safety ("DPS"). *See* ECF No. 1.  The Complaint asserts a violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117, alleging that DPS failed to accommodate Sam's disabilities and, instead, terminated him.  DPS seeks judgment on the pleadings, arguing that it has Eleventh Amendment immunity with respect to claims for money damages under the Title I of the ADA.  Alternatively, DPS contends that the ADA claims are insufficiently pled.  Sam does not contest DPS's Eleventh Amendment immunity with respect to his ADA claims, arguing instead that there is no Eleventh Amendment immunity

with respect to claims brought under the Rehabilitation Act. However, because Sam's Complaint can only be read as asserting claims under the ADA, not under the Rehabilitation Act, the court grants judgment on the pleadings in favor of DPS without holding a hearing pursuant to Local Rule 7.1(c) and without waiting for a reply memorandum.  This means that the hearing set for April 5, 2021, is cancelled.  Sam is given leave to file an Amended Complaint no later than April 16, 2021.  Sam may assert claims under the Rehabilitation Act in any such Amended Complaint.  However, this court is not deciding that any such claim would be viable.

**II.        BACKGROUND.**

Sam was employed at the Waiawa Correctional Facility. *See* ECF No. 1, PageID # 3.  Using a form complaint, Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination, Sam checked the box for asserting a claim under the ADA.  Sam did not identify any other federal law as forming the basis of his Complaint.  *Id.*  Sam then checked the boxes for failure to accommodate his disability and for terminating his employment, explaining that DPS had not reasonably accommodated his disability.  *Id.*, PageID #s 4-5.  Sam identifies his disability as "Arthritis---Specifically: Chronic Gout--Occasionally unable to walk; unable to use hands; under tremendous pain."  *Id.*,

PageID # 4.  Sam seeks back pay, benefits, and $300,000 in damages.  *Id.*, PageID # 6.

Sam attached to his Complaint his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") in August 2015.  This EEOC charge states that Sam was an Adult Corrections Officer III at the Waiawa Correctional Facility.  The Charge alleges that DPS discriminated against him based on his disability and then terminated him, both in violation of the ADA.  *Id.*, PageID #s 9-10.

**III.     JUDGMENT ON THE PLEADINGS STANDARD.**

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"A judgment on the pleadings is properly granted when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."  *Gregg*, 870

F.3d at 887; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." (quotation marks, alteration signals, and citation omitted)).

It is not entirely clear whether an Eleventh Amendment challenge should be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or under Rule 12(b)(6) or Rule 12(c) for failure to state a claim upon which relief can be granted. *Compare Edelman v. Jordan*, 415 U.S. 651, 678 (1974) ("the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court"); *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."), *with ITSI T.V. Prods., Inc. v. Agricultural Ass'ns*, 3 F.3d 1289, 1291 (9th Cir. 1993) ("we believe that Eleventh Amendment immunity, whatever its jurisdictional attributes, should be treated as an affirmative defense"). The Ninth Circuit has tried to reconcile these cases, calling Eleventh Amendment immunity "quasi-jurisdictional." *Bliemeister v. Bliemeister (In re*

*Bliemeister)*, 296 F.3d 858, 861 (9th Cir. 2002).  One Ninth Circuit case decided after *Bliemeister* examined Eleventh Amendment immunity in the context of a court's subject matter jurisdiction.  *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040-44 (9th Cir. 2003).  However, other Ninth Circuit cases have indicated that Eleventh Amendment immunity should be analyzed under Rule 12(b)(6).  *See Walden v. Nevada*, 945 F.3d 1088, 1095 (9th Cir. 2019) (calling Eleventh Amendment immunity an affirmative defense); *Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) ("dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction, but instead rests on an affirmative defense." (quotations and citation omitted)); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153-54 (9th Cir. 2004).

In this case, whether the court examines Eleventh Amendment immunity under Rule 12(b)(1) for lack of jurisdiction or under either Rule 12(b)(6) or Rule 12(c) for failure to state a claim makes no difference.  The standards and the result are the same for purposes of this motion.  This court limits itself to examination of the allegations of the Complaint and the exhibits attached to and incorporated into the Complaint, interpreting those facts in the light most favorable to Sam.

**IV.     ANALYSIS.**

Congress divided the ADA into five sections: Title I covering employment, Title II covering public programs and activities, Title III covering public accommodations, Title IV covering telecommunications, and Title V covering miscellaneous matters.  Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (1990).  As Sam is asserting employment discrimination, the provisions of Title I are at issue in this case.

In relevant part, Title I of the ADA provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  As used in § 12112(a), "'covered entity'" means an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2)

DPS moves for judgment on the pleadings, arguing that it has Eleventh Amendment immunity with respect to Sam's money damage claims.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State,

or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Under the Eleventh Amendment, a state is immune from lawsuits for monetary damages or other retrospective relief brought in federal court by its own citizens or citizens of other states. *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). However, "the Eleventh Amendment permits suits for prospective injunctive relief against [states and] state officials acting in violation of federal law." *Id.*

Federal court actions against agencies or instrumentalities of a state, such as DPS, are also barred by the Eleventh Amendment. *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017); *Blaisdell v. Haw. Dep't of Pub. Safety*, 2012 WL 5880685, at *3 (D. Haw. Nov. 21, 2012) (dismissing § 1983 claim), *vacated in part on other grounds*, 621 Fed. Appx. 414 (9th Cir. 2015) ("The district court properly dismissed Blaisdell's action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Kaimi v. Haw., Dep't of Pub. Safety*, 2013 WL 5597053, at *3 (D. Haw. Oct. 11, 2013) (ruling that DPS has Eleventh Amendment immunity with respect to § 1983 claims).

Eleventh Amendment immunity does not apply if Congress exercises its power under the Fourteenth Amendment to override Eleventh Amendment immunity, or if a state consents to federal suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58,

7

66-68 (1989).  In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court examined whether Congress had validly abrogated the states' Eleventh Amendment immunity with respect to claims asserted under Title I of the ADA.  The Supreme Court ruled that Congress had exceeded its powers under section 5 of the Fourteenth Amendment when it abrogated that immunity.  The Court said that that "to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation."  *Id.* at 374.  Because those requirements were not met, the Court held that, despite the attempt by Congress to make states liable for violations of Title I of the ADA, states had immunity under the Eleventh Amendment with respect to such claims by individuals.  *Id.*

　　　Sam's Opposition does not dispute that DPS has Eleventh Amendment immunity with respect to his money damage claims asserted under Title I of the ADA.  Nor does he argue that his request for back pay, benefits, and $300,000 is anything but a request for money damages.  Sam does not explain what "benefits" he is seeking or contend that those "benefits" are not compensable via money damages.  *See* ECF No. 1, PageID # 6; ECF No. 25.  Instead, citing section 1003 of the Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7,

Public Law 99-506 (Oct. 21, 1986), he argues that DPS does not have Eleventh Amendment immunity with respect to claims asserted under the Rehabilitation Act.  That provision provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d-7(a)(1).  The problem with this argument is that Sam's Complaint asserts no claim under the Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7(a)(1).  *See* ECF No. 1.

In addition, courts have held that section 1003 (42 U.S.C. § 2000d-7(a)(1)) does not apply to claims brought under Title I of the ADA, as that section is neither one of the three statutes enumerated in section 1003 nor part of a federal statute prohibiting discrimination through a state's receipt of federal funds.  *See Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1171 (10th Cir. 2015) ("In the absence of clear evidence that Congress intended for states to waive their immunity under the ADA by accepting federal funds,[] we will not stretch the language of the Rehabilitation Act to conclude that [a state agency] has made a clear and voluntary waiver of its sovereign immunity for ADA claims."); *Mayorga v. Washington*,

2018 WL 1792195, at *2 (W.D. Wash. Apr. 16, 2018) (rejecting argument that, under § 2000d-7(a)(1), a state waives Eleventh Amendment immunity with respect to claims asserted under any anti-discrimination statute, including Title I of the ADA, by accepting federal funds).

For the same reason, Sam's citation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Public Law 93-112 (Sept. 26, 1973), as amended, is unpersuasive.  That section now provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).  Sam's complaint does not assert a claim under that statute.

**V.     CONCLUSION.**

The court grants judgment on the pleadings in favor of DPS based on its Eleventh Amendment immunity from money damage claims asserted under Title I of the ADA.  The court does not reach DPS's other arguments, given its Eleventh Amendment immunity with respect to Sam's claims.

Because it may be possible for Sam to assert viable claims arising out of the facts of this case, Sam is given leave

10

to file an Amended Complaint no later than April 16, 2021. Any such Amended Complaint may seek prospective injunctive relief under Title I of the ADA or assert other claims such as those under the Rehabilitation Act. This court is not saying, however, that any such claims will be viable. Failure to file a First Amended Complaint by April 16, 2021, will result in the automatic dismissal of this action.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, March 17, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Sam v. State of Hawaii Dep't of Public Safety*, Civ. No. 20-00164 SOM-RT; ORDER GRANTING JUDGMENT ON THE PLEADINGS