IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE NOHOPONO SAM, | ) | CIVIL NO. 20-00164 SOM-RT |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING JUDGMENT ON** |
| | ) | **THE PLEADINGS WITH RESPECT TO** |
| vs. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |
| STATE OF HAWAII DEPARTMENT OF | ) | |
| PUBLIC SAFETY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING JUDGMENT ON THE PLEADINGS
WITH RESPECT TO FIRST AMENDED COMPLAINT**

I.        INTRODUCTION.

        On April 15, 2020, Plaintiff Wayne Nohopono Sam,
proceeding *pro se*, filed an employment discrimination Complaint
against the State of Hawaii Department of Public Safety ("DPS").
*See* ECF No. 1.  The Complaint asserted a violation of Title I of
the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112
to 12117, alleging that DPS failed to accommodate Sam's
disabilities and, instead, terminated him.  On March 17, 2021,
after determining that the Complaint failed to assert claims for
prospective injunctive relief under Title I of the ADA and for
violations of the Rehabilitation Act, this court granted
judgment on the pleadings in favor of DPS based on its Eleventh
Amendment immunity from the money damage claims asserted under

Title I of the ADA.  *See* ECF No. 26.  The court, however, gave
Sam leave to file a First Amended Complaint alleging claims for
prospective injunctive relief under Title I of the ADA and for
violations of the Rehabilitation Act.  *See id.*

On April 8, 2021, Sam filed his First Amended
Complaint.  *See* ECF No. 27.  In addition to DPS, the First
Amended Complaint names as a Defendant Ted Sakai, the former
Director of DPS.  The First Amended Complaint did not clearly
state whether Sakai is being named in his individual or official
capacity, or both.  However, at a confidential telephone
conference held on May 28, 2021, Sam clarified that Sakai is
being sued only in his official capacity as the former head of
DPS.  *See* ECF No. 34.  The First Amended Complaint asserts the
same claim under Title I of the ADA that was asserted in the
original Complaint and still does not seek prospective
injunctive relief.  The First Amended Complaint also asserts a
claim under the Rehabilitation Act.  *See* ECF No. 21.

On June 28, 2021, Defendants moved for judgment on the
pleadings with respect to the First Amended Complaint.  *See* ECF
No. 35.  Because Defendants still have Eleventh Amendment
immunity with respect to the same claim previously dismissed on
that ground and because Sam's Rehabilitation Act claim is barred
by the statute of limitations, the court, without waiting for

Defendants' reply memorandum and without holding a hearing, grants Defendants' latest motion for judgment on the pleadings.

II.        **BACKGROUND.**

Sam was employed at the Waiawa Correctional Facility. *See* ECF No. 27, PageID # 98.  Using a form complaint to commence the present lawsuit, Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination, Sam checked the box for asserting a claim under the ADA.  Sam also indicated that he was asserting a claim under the Rehabilitation Act.  *Id.*  Sam then checked the boxes for failure to accommodate his disability and for terminating his employment, explaining that Defendants had not reasonably accommodated his disability.  *Id.*, PageID #s 99-100.  Sam identified his disability as "Arthritis--Chronic Gout--Occasionally unable to walk; unable to use hands; under tremendous pain."  *Id.*, PageID # 99.  Sam seeks back pay, benefits, and $300,000 in damages, the same relief requested in his original Complaint.  *Compare id.*, PageID # 101, *with* ECF No. 1, PageID # 6.

Sam attached to his Complaint and his First Amended Complaint his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") in August 2015.  *See* ECF Nos. 1-1, PageID #s 9-10, and 27, PageID # 105.[1]  This EEOC

---

[1]Because Sam only attached to the First Amended Complaint the First Page of the EEOC Charge of Discrimination, the court refers to the identical document attached to the original Complaint.

charge states that Sam was an Adult Corrections Officer III at the Waiawa Correctional Facility.  The charge alleges that, in October 2014, DPS discriminated against him based on his disability and then terminated him, both in violation of the ADA.  *Id.*, PageID #s 9-10.

**III.      JUDGMENT ON THE PLEADINGS STANDARD.**

The judgment on the pleadings standard was set forth in this court's previous order granting DPS judgment on the pleadings.  *See* ECF No. 26, PageID #s 87-89.  That standard is incorporated here by reference.

**IV.      ANALYSIS.**

> **A.   Judgment on the Pleadings is Granted With Respect to the Title I ADA Claim.**

Congress divided the ADA into five sections: Title I covering employment, Title II covering public programs and activities, Title III covering public accommodations, Title IV covering telecommunications, and Title V covering miscellaneous matters.  Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (1990).  As Sam is asserting employment discrimination, the provisions of Title I are at issue in this case.

In relevant part, Title I of the ADA provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees,

4

employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  As used in § 12112(a), "'covered entity'" means an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2)

Defendants move for judgment on the pleadings, arguing that they have Eleventh Amendment immunity with respect to Sam's money damage claims.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Under the Eleventh Amendment, a state, its agencies (such as DPS), and its officials acting in their official capacities (such as Sakai) are immune from lawsuits for monetary damages or other retrospective relief brought in federal court by its own citizens or citizens of other states.  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017); *Blaisdell v. Haw. Dep't of Pub. Safety*, 2012 WL 5880685, at *3 (D. Haw. Nov. 21, 2012) (dismissing § 1983 claim), *vacated in part on other grounds*, 621 Fed. Appx. 414 (9th Cir. 2015) ("The district court properly dismissed Blaisdell's action against the Hawaii

Department of Public Safety because it is barred by the Eleventh Amendment."); *Kaimi v. Haw., Dep't of Pub. Safety*, 2013 WL 5597053, at *3 (D. Haw. Oct. 11, 2013) (ruling that DPS has Eleventh Amendment immunity with respect to § 1983 claims). However, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew*, 540 U.S. at 437.

Eleventh Amendment immunity does not apply if Congress exercises its power under the Fourteenth Amendment to override Eleventh Amendment immunity, or if a state consents to federal suit. *See Will*, 491 U.S. at 66-68. In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court examined whether Congress had validly abrogated the states' Eleventh Amendment immunity with respect to claims asserted under Title I of the ADA. The Supreme Court ruled that Congress had exceeded its powers under section 5 of the Fourteenth Amendment when it abrogated that immunity. The Court said that "to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation." *Id.* at 374. Because those requirements were not met, the Court held that, despite the attempt by Congress to make states liable for violations of Title I of the ADA, states had immunity under the

Eleventh Amendment with respect to such claims by individuals. *Id.*

This court previously cited Eleventh Amendment immunity in dismissing the same claim under Title I of the ADA asserted against DPS. *See* ECF No. 26. For the reasons stated in that earlier order, the court rules again that DPS has Eleventh Amendment immunity with respect to the money damage claims asserted under Title I of the ADA.

The only substantive difference between the earlier claim under Title I of the ADA and the ADA claim in the First Amended Complaint is that the new claim is also asserted against Sakai in his official capacity. However, Sakai also has Eleventh Amendment immunity with respect to the money damage claims asserted under Title I of the ADA, as a claim against an official in his or her official capacity is treated as a claim against the state. *See Will*, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.). The First Amended Complaint cannot be read as seeking prospective injunctive relief against Sakai.

Accordingly, judgment on the pleadings is granted in favor of Defendants with respect to the Title I ADA claim asserted in the First Amended Complaint.

### B.   Judgment on the Pleadings is Granted With Respect to the Rehabilitation Act Claim.

The First Amended Complaint also asserts a claim under section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), which prohibits disability discrimination under any program or activity receiving federal financial assistance.  29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .").

Sam correctly points out that there is no Eleventh Amendment immunity with respect to claims under section 504 of the Rehabilitation Act.  *See Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 793 (9th Cir. 2004) ("our precedent is clear that the State waived its Eleventh Amendment immunity under Section 504 of the Rehabilitation Act by accepting federal funds"); *Pugliese v. Dillenberg*, 346 F.3d 937, 938 (9th Cir.2003) (per curiam) ("The State of Arizona validly waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., when it accepted federal Rehabilitation Act funds."); 42 U.S.C. § 2000d-7(a)(1).

While the Eleventh Amendment does not bar Sam's claim under section 504 of the Rehabilitation Act, the applicable

statute of limitation does. "The statute of limitations for claims under Section 504 of the Rehabilitation Act is provided by analogous state law." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir.) ("The statute of limitations for the Rehabilitation Act Section 504 claim is provided by the analogous state law."), as amended by 271 F.3d 910 (9th Cir. 2001). This court has determined that Hawaii's two-year personal injury statute of limitations is most analogous to a § 504 action. See, *e.g.*, *Chun v. City & Cty. of Honolulu*, 2020 WL 3965943, at *2 (D. Haw. July 13, 2020); *Toma v. Univ. of Haw.*, 2017 WL 4782629, at *5 (D. Haw. Oct. 23, 2017).

Sam says he was discriminated against in violation of section 504 of the Rehabilitation Act when he was terminated in October 2014. He did not file this action until 2020. Unless Sam can show that the statute of limitations should be tolled, his claims are clearly time-barred.

When a federal court borrows a state's statute of limitations period, it also borrows the state's equitable tolling rules "absent a reason not to do so." *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir. 2001); *Callender v. Dep't of the Prosecuting Att'y for Cty. of Maui*, 2021 WL 297127, at *6 (D. Haw. Jan. 28, 2021); *Chun*, 2020

WL 3965943, at *3.   Accordingly, Hawaii's equitable tolling rules apply to Sam's Rehabilitation Act claim.

In *Office of Hawaiian Affairs v. State*, the Hawaii Supreme Court stated that "to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate (1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way. Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations."  110 Haw. 338, 360, 133 P.3d 767, 789 (2006) (quotation marks, alterations, and citations omitted).  Faced with a motion asserting that his Rehabilitation Act claim is untimely, Sam does not even argue that the statute of limitation with respect to his Rehabilitation Act claim should be equitably tolled. Accordingly, this court rules that his Rehabilitation Act claim is barred by the applicable two-year limitations period.

Even though Sam does not address Defendants' statute of limitations argument and therefore fails to identify any basis for equitably tolling the statute of limitations, because he is proceeding *pro se*, this court examines the lone equitable tolling argument that might be raised based on the matters discussed in his First Amended Complaint.  While Sam does not say that he actually thought he did not need to file his Rehabilitation Act claim while his charge of discrimination

under the ADA was pending before the EEOC, that argument, even
had Sam raised it, would not suffice to toll the limitations
period.

A limitations period is not tolled when a plaintiff is
not required to but chooses to exhaust administrative remedies
before pursuing a separate claim in court.  *See Johnson v. Ry.
Express Agency, Inc.*, 421 U.S. 454, 461 (1975) (holding that the
timely filing of an EEOC charge asserting a claim under Title
VII did not toll the running of the statute of limitations for a
claim asserting a violation of 42 U.S.C. § 1981).  Because
administrative remedies do not afford individual complainants
adequate relief, the Ninth Circuit has long held that "private
plaintiffs suing under section 504 need not first exhaust
administrative remedies" before filing claims in federal court.
*Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990).  This means
that Sam's filing of his charge of discrimination with the EEOC
with respect to his claim under Title I of the ADA did not toll
the limitations period applicable to his claim under the
Rehabilitation Act, which has no administrative exhaustion
requirement.  *See Adams v. D.C.*, 740 F. Supp. 2d 173, 182
(D.D.C. 2010) (holding that the filing of an administrative
charge of discrimination under the ADA did not toll the
limitations period for a Rehabilitation Act claim that lacked an
exhaustion requirement), *aff'd in part*, 618 F. App'x 1 (D.C.
Cir. 2015).

The court recognizes that, in *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003), the Ninth Circuit held that a plaintiff "was required to exhaust his administrative remedies with the EEOC before pursuing his Rehabilitation Act claim in district court," citing *Leorna v. U.S. Department of State*, 105 F.3d 548, 550 (9th Cir. 1997), and *Vinieratos v. U.S. Department of Air Force Through Aldridge*, 939 F.2d 762, 773 (9th Cir. 1991). However, those cases are distinguishable because they involved claims against federal entities, rather than against a state.

In *Vinieratos*, the Ninth Circuit explained why discrimination claims against federal entities require exhaustion:

> In 1975, the Supreme Court expressly held in *Brown* [*v. General Services Administration*] that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. at 835, 96 S. Ct. at 1965. Relying on that decision, this court held in *Boyd v. United States Postal Service*, 752 F.2d 410 (9th Cir. 1985), that the Rehabilitation Act of 1973 does not establish an alternative route to judicial review for litigants who claim to have suffered from handicap discrimination. We explained in *Boyd* that although Title VII itself explicitly outlaws discrimination only on the basis of race, religion, sex, and national origin, there was no reason to believe that the holding of Brown did not also extend to cases of handicap discrimination. *Boyd*, 752 F.2d at 413–14 (citing Brown ). As we said then:
>
> > Like the Seventh Circuit, we "cannot believe that, given the Brown decision, Congress would have wanted us to interpret the

> > [Rehabilitation] Act as allowing
> > the handicapped--alone among
> > federal employees or job
> > applicants complaining of
> > discrimination--to bypass the
> > administrative remedies in Title
> > VII."
>
> > *Id.* at 414 (quoting *McGuinness v. United
> > States Postal Service*, 744 F.2d 1318, 1322
> > (7th Cir.1984)).
>
> > Under *Boyd*, therefore, a federal
> > employee who alleges employment
> > discrimination on the basis of a handicap
> > must exhaust the administrative remedies
> > available under Title VII; Title VII
> > provides the exclusive channel by which such
> > allegations may be heard in federal court.
> > *Id.* at 413-14.  Our holding that appellant
> > failed to exhaust those remedies forecloses
> > any claim to jurisdiction under the
> > Rehabilitation Act.

Vinieratos, 939 F.2d at 773.

Leorna similarly relied on *Brown* in requiring employment discrimination claims against the United States to be administratively exhausted.  *See Leorna,* 105 F.3d at 550. Because the holding in *Brown* is inapplicable to claims against states, the line of cases relying on *Brown* to require exhaustion of Rehabilitation Act claims against federal entities are distinguishable.

Judgment on the pleadings is granted in favor of Defendants with respect to the Rehabilitation Act claim asserted in the First Amended Complaint.

V.       **CONCLUSION.**

The court grants judgment on the pleadings in favor of Defendants.  Because the court previously gave Sam leave to file an Amended Complaint seeking prospective injunctive relief under Title I of the ADA, and because he has not asserted a claim that implicates injunctive relief, this court declines to give him further leave to amend.  Moreover, it does not appear that Sam could amend his First Amended Complaint to assert any viable claim.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 2, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Sam v. State of Hawaii Dep't of Public Safety*, Civ. No. 20-00164 SOM-RT;
*ORDER GRANTING JUDGMENT ON THE PLEADINGS WITH RESPECT TO FIRST AMENDED COMPLAINT*